PHILIP J. GROSE and JAMES M. GROSE,

*vs.*

JAMES McMULLEN and WILLIAM W. FERRIS, Executors
of James McMullen, dec'd.

*New Castle, Sept. T.* 1859.

A bond held by a decedent at his death, though not yet due, is assets for
the payment of debts, and may be sold under a decree.

To exonerate the personal estate of a testator from the payment of debts,
it is not sufficient that the real estate be charged. It must appear from
the will, either expressly or by clear implication, that the testator in-
tended to exonerate the personal estate.

The testator, at his death, held a bond for $7,000.00 not due for a number
of years. By his will he bequeathed to his wife an annuity of $420.00,
corresponding with the annual interest on the bond; and also gave
some pecuniary legacies at her decease. His lands were charged with
debts, and a portion of them directed to be sold for the payment of
debts. *Held,* not sufficient to exonerate the bond from liability for a
deficiency after applying the residue of the personal estate and the
proceeds of lands directed to be sold.

The deficiency having been paid by devisees of the residuary real estate,
relief granted by marshaling assets.

BILL TO MARSHAL ASSETS.—James McMullen, by his

will, dated October 22d, 1856, directed the payment of his debts, and for that purpose that certain of his real estate should be sold. The residue of his real estate he devised to the complainants in fee simple, but with a proviso that this clause of his will should not take effect until all his debts should be paid. He bequeathed certain legacies, among which was an annuity of $420.00 to his widow, during her life ; and at her decease three legacies, of $500.00 each, were to take effect.

Among the personal assets of the testator was a bond executed by Stephen Townsend for $7,000.00, payable in the year 1863. The personal estate and the lands specifically charged with the testator's debts proved insufficient ; and the creditors proceeded for the deficiency against the lands devised to the complainants. Thereupon, this bill was filed by the complainants against the executors, claiming to be reimbursed out of the bond of Townsend, and praying that it might be sold for that purpose.

No issue of fact was raised by the answer of the defendants, and the case was heard before the Chancellor at the Sept. T. 1859, upon the equities arising out of the facts as set forth in the bill.

·*T. F. Bayard*, for the complainants.

There can be no doubt that the bond of Townsend is assets for all purposes under the statute, which expressly declares all goods to be assets, with very limited exceptions. *Rev. Code*, 300, *sec.* 16. This bond is none the less assets, though not due at the testator's death. A debt is not affected in its nature, nor in any of its legal incidents or consequences, by the question whether it is due or not due. An illustration of this point is afforded by the rule that an administrator cannot pay a simple contract debt, though due, before paying a bond not due. *Toller on Ex'rs.* 282 ;

2 *Wms. on Ex'rs.* 876. Then, since the bond is part of the personal assets, it was subject to the debts in relief of the lands devised to the complainants, notwithstanding the lands were charged with debts. The mere charge of debts on lands does not exonerate the personal estate from its primary liability. To have this effect, there must appear from the will, either expressed or necessarily implied, an intention not merely to charge the real estate, but so to charge it as to exempt the personal. 2 *Wms. on Ex'rs.* 1450; *Bootle vs. Blundell,* 1 *Mer. R.* 193. It must plainly appear that the testator meant to change the order of payment. 1 *White & Tudor's Lead. Cas. in Eq.* 622, *notes*; 638, 647. The rule requiring the evidence of intention to be clear is more stringent where the effect of exonerating the personal assets is to charge devisees than where the land to be charged descends to heirs.

*G. B. Rodney,* for the defendants.

I do not controvert the general rule as stated by Mr. Bayard; but it is controlled in this case by the apparent intention of the testator. It is evident from the frame of the will that Townsend's bond for $7,000.00 was in the testator's mind set apart to serve the annuity bequeathed to his widow—the interest on the bond being the exact amount of the annuity. It should also be observed that after her death legacies are given, which must have been intended to be provided for out of this fund. The implication is sufficiently clear of an intention to exempt this fund from debts, especially considering that they are by the terms of the will charged on the real estate.

*Mr. Bayard,* in reply.

The whole defence rests upon the correspondence between the annuity and interest on the bond. This is a

mere coincidence, accompanied by no explanation in the will, and is in itself too slight a ground to vary a general rule for the administration of assets.

THE CHANCELLOR considered that the bond, although not yet due, was assets for the payment of the testator's debts; and that it was not exempted by the mere charge of the debts on real estate; that the will must show an intent, express or implied, to exonerate the personal estate, and that in this will such intent is not sufficiently demonstrable. A decree was entered to marshal the assets, and ordering a sale of the Townsend bond for that purpose.